IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON KEYS,<br>      Plaintiff | : <br> : Civil No. 3:04-CV-823 <br> : |
| v. | : (JUDGE NEALON) <br> : (MAGISTRATE JUDGE BLEWITT) |
| CO KRAMER, <br>      Defendant | : <br> : |

**FILED
SCRANTON

JUN 09 2006

PER _____
DEPUTY CLERK**

<u>**ORDER**</u>

On March 6, 2006, Plaintiff, an inmate currently incarcerated at the SCI-Camp Hill and formerly incarcerated at SCI-Mahoney, commenced the present civil rights action pursuant to 28 U.S.C. § 1983 on April 15, 2004. (Doc. 1). An amended complaint was filed on May 19, 2004, and a second amended complaint was filed on June 10, 2004. (Docs. 20, 33). After preliminarily screening of both amended complaints and the filing of dispositive motions, the sole remaining claim asserts that Defendant Kramer, a Corrections Officer at SCI-Mahony, filed a false misconduct report against Plaintiff alleging that Plaintiff was the aggressor in an assault on February 2, 2004. Plaintiff avers that this Defendant Kramer actions were in

retaliation for his reporting that Defendant Kramer had assaulted him.[1]

Defendant Kramer filed a Motion for Summary Judgment on December 21, 2005, along with a supporting brief and statement of material facts.  (Docs. 181-183).  A brief in opposition to the Motion was filed on March 8, 2006.  (Docs. 192-193).  On May 17, 2006, United States Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation in this matter (Doc. 194), recommending that the Motion for Summary Judgment be granted.  The Report and Recommendation determined that Plaintiff did not correlate the alleged retaliation and a protected liberty interest., concluding that Plaintiff failed to establish that he was engaged in a constitutionally protected activity or that he suffered an adverse action sufficient to deter a reasonable person from the exercise of his constitutionally protected rights.  Moreover, while he maintained that he had evidence to support his version, to wit., that Defendant Kramer had assaulted him, Plaintiff failed to corroborate his claim by producing any evidence such as by way of medical report from the time of the incident or affidavits from other inmates who reportedly observed the incident and would attest that Defendant Kramer, not Plaintiff, was the aggressor.  The record is void of any

---

[1] Plaintiff was subsequently convicted of the misconduct by a Hearing Examiner.

evidence establishing that he reported the alleged assault by Defendant Kramer prior to the issuance of the misconduct report against Plaintiff. Consequently, a retaliation claim must fail inasmuch as he cannot establish that the alleged retaliation was substantially motivated by his reports regarding Defendant Kramer.

No objections were filed to the Magistrate Judge's Report and Recommendation. After careful review and in the exercise of sound judicial discretion, the Court adopts the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, THIS 9th DAY OF JUNE 2006, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 184) is ADOPTED.

2. The Motion for Summary Judgment (Doc. 181) is GRANTED.

3. The Clerk of Court is directed to close this case.

4. Any appeal will be deemed frivolous, lacking merit and not taken in good faith.

s/ William J. Nealon
United States District Judge